UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RUSSEL MURRAY,**                          CASE NO. 6:22-cv-861

    **Plaintiff,**

v.

**RODNEY JUDE BRITTON AND
MC TRUCKING AND SHREDDING, INC.,**

    **Defendants.**
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, **RUSSEL MURRAY**, sues Defendants, **RODNEY JUDE BRITTON** and **MC TRUCKING AND SHREDDING, INC.** and alleges:

1. This is an action for damages that exceed One Hundred Thousand Dollars ($100,000.00), exclusive of costs, interest and attorneys' fees (the estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$100,000" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for

1

data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material to this action, Plaintiff was a natural person residing in Lake County, Florida.

3. At all times material to this action, Defendant, **RODNEY JUDE BRITTON** ("Truck Driver") was a natural person residing in Brenham, Washington County, Texas.

4. At all times material to this action, Defendant, **MC TRUCKING AND SHREDDING, INC.** ("Trucking Co.") was a Texas corporation with its principle place of business in Brenham, Washington County, Texas.

5. This Court is authorized to exercise personal jurisdiction over each Defendant pursuant to the Florida Long-Arm Statute, Fla. Stat. §§48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of each Defendant:

    a. Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida; or

    b. Committing a tortious act within Florida.

6. Each Defendant is also engaged in substantial and not isolated activity within Florida.

7. The subject incident occurred in Orange County, Florida, where the case was originally filed. The case has subsequently been removed to the United States District Court Middle District of Florida Orlando Division.

**DEFENDANTS' ROLE IN THE TRANSPORTATION BUSINESS**

8. At all times material hereto, Defendant Trucking Co. was a for hire motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

9. In applying for and maintaining operating authority as a motor carrier, Defendant Trucking Co. certified to the USDOT that it would:

    a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    b. Have in place a driver safety training/orientation program;

    c. Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);

    d. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including

        drivers' hours of service and vehicle inspection, repair and maintenance; and,

    e. Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

10. At the time of the crash, Defendant Trucking Co. was the registered owner of the 2012 Freightliner Truck bearing Texas Plate Number R493607 with VIN# 1DW1A5325GS673936 ("Truck") involved in this Crash, and that its gross vehicle weight rating was greater than ten-thousand (10,000.00) pounds at the time of the subject Crash.

11. At all relevant times, the Truck was a commercial motor vehicle as that term is defined in Chapter 316 of the Florida Statues, and it was being operated under the control and USDOT authority of Defendant Trucking Co.

12. At all relevant times, Defendant Truck Driver was a Class 1A licensed commercial vehicle operator driving the Truck in the course and scope of his agency with the Trucking Co.

## THE CRASH

13. On the night of February 24, 2021, the Plaintiff was operating a motor vehicle traveling southbound on State Road 91 (Florida's Turnpike) approaching mile marker 271, in Winter Garden, Orange County, Florida.

14. At that time and place, Defendant, **RODNEY JUDE BRITTON** was operating a tractor trailer truck owned by Defendant, **MC TRUCKING AND SHREDDING, INC.** traveling southbound on State Road 91 (Florida's Turnpike) approaching mile marker 271, in Winter Garden, Orange County, Florida.

15. At all relevant times, the Plaintiff was properly restrained and did not contribute in any way to the crash or his injuries.

16. Each defendant acted in a manner that either alone or combined with the actions of other Defendants' acts of negligence, directly and proximately caused the crash and the resulting injuries to the Plaintiff.

17. Defendant, RODNEY JUDE BRITTON negligently operated the tractor trailer truck owned by Defendant, MC TRUCKING AND SHREDDING, INC. so as to travel into Plaintiff's lane of travel causing the subject crash.

## PLAINTIFF'S DAMAGES

18. As a result of the crash, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent, and the Plaintiff will suffer the losses in the future. The Plaintiff's automobile was damaged, and he lost the use

of it during the period required for its repair or replacement (collectively, "Plaintiff's Damages").

## COUNT I
## NEGLIGENCE CLAIM OF RUSSEL MURRAY AGAINST RODNEY JUDE BRITTON

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above.

20. Defendant, **RODNEY JUDE BRITTON** had a duty to operate the Truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

21. Defendant, **RODNEY JUDE BRITTON** breached those duties and was therefore negligent, in one or more of, but not limited to, the following ways:

   a. failing to keep a proper lookout;

   b. failing to maintain to yield the right of way in violation §316.121(1);

   c. driving carelessly in violation of Florida Statute §316.1925;

   d. driving the Truck while distracted;

   e. driving the Truck while fatigued;

   f. exceeding hours of service limitations in violation of 49 CFR 395.1(g);

   g. failing to maintain control of the Truck;

   h. failing to take appropriate evasive action;

      i. crashing into **RUSSEL MURRAY**'s vehicle;

22. Defendant, **RODNEY JUDE BRITTON's** negligent conduct also violated laws intended to protect and prevent crashes with drivers like Plaintiff.

23. Defendant, **RODNEY JUDE BRITTON's** negligence directly and proximately caused the Plaintiff's Damages.

## COUNT II
## NEGLIGENCE CLAIM OF RUSSEL MURRAY AGAINST DEFENDANT MC TRUCKING AND SHREDDING, INC.

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. Defendant **MC TRUCKING AND SHREDDING, INC.** had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

26. Defendant **MC TRUCKING AND SHREDDING, INC.** breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a. Failing to verify and ensure that Defendant **RODNEY JUDE BRITTON** operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles,

which allowed him to recklessly enter Plaintiff's lane of travel at night, without looking while driving at approximately 70 mph, causing a serious crash, in violation of 49 C.F.R. §392.1;

b. Failing to properly train and instruct Defendant **RODNEY JUDE BRITTON** and its drivers on defensive driving, safe driving, and proper lookout which allowed Defendant, RODNEY JUDE BRITTON to recklessly enter Plaintiff's lane of travel at night, without looking while driving at approximately 70 mph on Florida's Turnpike in violation of 49 C.F.R. §383.111;

c. Failing to properly supervise Defendant **RODNEY JUDE BRITTON** and identify dangerous routes and driving behavior that could have been corrected to avoid this crash, which allowed Defendant **RODNEY JUDE BRITTON** to recklessly enter Plaintiff's lane of travel at night, without looking while driving at approximately 70 mph on Florida's Turnpike;

d. Failing to ensure Defendant **RODNEY JUDE BRITTON** was qualified to operate the truck under 49 CFR §391.11 which allowed him to recklessly enter Plaintiff's lane of travel at night, without looking while driving at approximately 70 mph on Florida's Turnpike;

    e. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

27. Defendant **MC TRUCKING AND SHREDDING, INC.**'s negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

28. Defendant **MC TRUCKING AND SHREDDING, INC.**'s negligence directly and proximately caused the Plaintiff's Damages.

## COUNT III
## NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT MC TRUCKING AND SHREDDING, INC.

29. Plaintiff incorporates herein the allegations in paragraphs 1-28, above.

30. Defendant **MC TRUCKING AND SHREDDING, INC.** had a duty to avoid the foreseeable harm posed by entrusting the subject Truck to a dangerous and unqualified driver like Defendant **RODNEY JUDE BRITTON**.

31. Defendant **MC TRUCKING AND SHREDDING, INC.** breached that duty and was therefore negligent, when it entrusted the subject tractor trailer Truck to Defendant **RODNEY JUDE BRITTON**, despite his record of unsafe and

negligent driving and unfitness to operate a commercial motor vehicle, which were or should have been known to Defendant **MC TRUCKING AND SHREDDING, INC** and ultimately resulted in him recklessly entering Plaintiff's lane of travel at night, without looking while driving approximately 70 mph on Florida's Turnpike causing a serious high speed crash.

32. Defendant **MC TRUCKING AND SHREDDING, INC.**'s negligence directly and proximately caused the Plaintiff's Damages.

## COUNT IV
## STRICT LIABILITY AGAINST DEFENDANT MC TRUCKING AND SHREDDING, INC.

33. Plaintiff incorporates herein the allegations in paragraphs 1-31, above.

34. At the time of the crash, Defendant **RODNEY JUDE BRITTON** was operating the subject Truck, a dangerous instrumentality, with Defendant **MC TRUCKING AND SHREDDING, INC.**'s permission.

35. Therefore, Defendant **MC TRUCKING AND SHREDDING, INC.** is strictly liable for Defendant **RODNEY JUDE BRITTON**'s negligence and the resulting Plaintiff's Damages.

## COUNT V
## VICARIOUS LIABILITY AGAINST DEFENDANT MC TRUCKING AND SHREDDING, INC.

36. Plaintiff incorporates herein the allegations in paragraphs 1-34, above.

37. At all relevant times, Defendant **RODNEY JUDE BRITTON** was Defendant **MC TRUCKING AND SHREDDING, INC.**'s statutory employee of, acting within the course and scope of his agency or employment with, and under the direct control and for the benefit of Defendant **MC TRUCKING AND SHREDDING, INC.**

38. Therefore, Defendant **MC TRUCKING AND SHREDDING, INC.** is vicariously liable for the negligent acts of Defendant **RODNEY JUDE BRITTON.**

**WHEREFORE**, Plaintiff, **RUSSEL MURRAY**, demands judgment against Defendants, **RODNEY JUDE BRITTON** and **MC TRUCKING AND SHREDDING, INC.**, for all damages permitted by Florida law, including costs, and prejudgment interest on taxable costs incurred pursuant to *R.J. Reynold Tobacco Company v. Lewis,* 275 So.3d 747 (Fla. 5th DCA 2019).

### TRIAL BY JURY

The Plaintiff respectfully demands a trial by jury of all issues and counts so triable herein.

**RESPECTFULLY** submitted this 13th day of July, 2022.

> */s/Lawrence Gonzalez II*
> **Lawrence Gonzalez II, Esquire**
> FBN 0107175
> **Morgan & Morgan, P.A.**
> 20 N. Orange Ave., 16th Floor
> P.O. Box 4979
> Orlando, FL 32802-4979
> Telephone:  (407) 418-2076
> Facsimile:  (407) 572-0110

                     Primary email: LGonzalez@forthepeople.com
                 Secondary email: SSerrano@forthepeople.com
                                 TSugrim@forthepeople.com
                                 MCalixto@forthepeople.com
Attorneys for Plaintiff