UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RUSSEL MURRAY,**

    **Plaintiff,**

v.      Case No: 6:22-cv-861-PGB-EJK

**RODNEY JUDE BRITTON and
MC TRUCKING AND
SHREDDING, INC.,**

    **Defendants.**

                           /

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss Counts II and III of the Amended Complaint (Doc. 25 (the "**Motion**")) and Plaintiff's response in opposition (Doc. 29). Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**[1]

This diversity action stems from a February 24, 2021 nighttime car crash involving the parties on Florida's Turnpike near Winter Garden. (Doc. 23, ¶¶ 13–14). In the course of his employment with Defendant MC Trucking and Shredding, Inc. ("**Defendant MC Trucking**"), Defendant Rodney Jude Britton ("**Defendant Britton**") drove a semi-truck into Plaintiff's lane on the Turnpike

---

[1] This account of the facts comes from the Plaintiff's Amended Complaint. (Doc. 23). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

at about 70 miles per hour, colliding with Plaintiff's car and causing him injuries. (*Id.* ¶¶ 17–18, 31, 37). Defendant Britton allegedly failed to properly look for Plaintiff's car before entering his lane, worked outside of regulation hours, and drove while fatigued, among other potentially negligent actions. (*Id.* ¶ 21). Plaintiff also alleges that Defendant MC Trucking engaged in negligent actions of its own—by failing to ascertain Defendant Britton's qualifications before hiring him, failing to or improperly training and monitoring him, creating a culture of risk among its drivers, and entrusting their truck to someone with a poor driving record. (*Id.* ¶¶ 26, 31). As is important here, Count II of the Amended Complaint asserts a claim for direct negligence against Defendant MC Trucking, whereas Count III asserts a claim for negligent entrustment against the company as well. (*Id.* ¶¶ 24–32). In addition, Plaintiff claims damages exceeding $100,000. (*Id.* ¶ 1).

Defendants now seek dismissal of Counts II and III of Plaintiff's Amended Complaint (Doc. 25) pursuant to Federal Rule of Civil Procedure 12(b)(6). After Defendants' response in opposition (Doc. 29), this matter is ripe for review.

## II.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). In sum, courts must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendants argue that Counts II and Count III should be dismissed because, first, Plaintiff fails to allege sufficient facts in support and, second, Plaintiff impermissibly alleges both vicarious liability and direct liability against an employer for the negligent acts of its employee. (Doc. 25, pp. 5–12). Both arguments are unavailing.

### A. Plaintiff pled sufficient facts to support Counts II and III.

Defendants incorrectly characterize some of Plaintiff's factual allegations as mere legal conclusions—for example, the allegation that Defendant MC Trucking allowed someone with a poor driving record to operate one of their trucks, created

3

a culture of risk among its drivers, and did not properly train Defendant Britton and monitor his driving. (Doc. 23, ¶¶ 9, 26, 30–31). A complainant is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (internal quotations omitted). Defendant Britton's poor driving record and Defendant MC Trucking's failure to review his qualifications before letting him get behind the wheel are alleged facts—not conclusions—that Plaintiff may prove to support his negligent entrustment claim. (*Id.*). Plaintiff has therefore alleged sufficient facts to support Count III.

Count II is no different. While Count II may use shorthand at times, the allegations in this count—that Defendant MC Trucking failed to verify and ensure their driver operated the truck properly, failed to properly train and instruct him on defensive driving, safe driving, and proper lookout, failed to properly supervise him and identify his dangerous behavior, failed to ensure he was qualified to operate the truck under applicable regulations, and failed to promote and enforce policies and procedures thereby creating a zone and culture of risk—must be read in light of the factual allegations in the preceding paragraphs regarding Defendant Britton's fatigued driving, driving while distracted, and exceeding the allowed hours of service. (*Id.* ¶¶ 9, 21, 23, 26). In totality, such allegations make a finding in Plaintiff's favor more than plausible. At this stage, a plaintiff need not definitively prove his claims in the complaint, much less recite each and every fact on which he intends to rely in support of those claims. *Speaker v. U.S. Dep't of*

4

*Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010). Simply because Plaintiff did not allege *exactly how* Defendant MC Trucking failed to supervise or train Plaintiff in detail, for example, does not make those allegations "legal conclusions." Plaintiff has therefore done enough to support Count II as well.

### B. Florida law does not require dismissal of direct negligence claims against a vicariously liable party where additional liability is possible.

Defendant MC Trucking admits in its Motion that Defendant Britton was acting within the scope of his employment. (Doc. 25, p. 11). Having thereby admitted vicarious liability applies, Defendants argue that Florida law requires dismissal of Counts II and III because a jury cannot hear direct negligence claims against Defendant MC Trucking alongside a vicarious liability claim for the same party, relying on a case that invokes *Clooney v. Geeting*, 352 So. 2d 1216 (Fla. 2d DCA 1977) as well as other cases regarding negligence claims against municipal governments for incidents unrelated to car crashes.[2] (Doc. 25, pp. 9–10). Plaintiff responds that those cases do not govern, arguing that Florida's subsequent adoption of comparative fault and damage caps on vicarious liability override *Clooney*. (Doc. 29, pp. 5–8).

---

[2]   When sitting in diversity, a federal court must apply the substantive law of the forum state as declared by that state's highest court or legislature. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If there is no such declaration on an issue, the court must "adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014). As both parties stipulate, Florida substantive law applies here since the crash occurred in this state.

Decided decades ago, *Clooney* applies a caveat to negligent hiring and entrustment theories in car crash cases where the employer has admitted *respondeat superior* liability and cannot be subject to additional liability from those claims. 352 So. 2d at 1220. Recognizing juries should not be allowed to hear evidence of an employee's prior driving records when evaluating direct negligence claims, the *Clooney* court held a trial court should not allow a plaintiff to present those direct negligence theories to a jury since the desirability of allowing such separate theories *in the absence of additional liability* is outweighed by potential prejudice to the defendants. *Id.*

Some Florida courts apply the *Clooney* caveat to dismiss negligence claims concurrent with vicarious liability claims in car crash cases. *Widdows v. Dwaine Wilcox & Trucks, Inc.*, No. 3:20-cv-799, 2020 WL 13133419, at *3 (M.D. Fla. Nov. 19, 2020) (listing various cases); *Shaw v. Pizza Hut of Am., Inc.*, No. 8:08-cv-27, 2009 WL 1519881, at *1 (M.D. Fla. June 1, 2009). Others have rejected applying *Clooney* during pretrial motion practice, finding its holding is limited to "evidentiary matters." *Capodanno v. Premier Transp. & Warehousing, Inc.*, No. 09-80534-civ, 2010 WL 996532, at *2 (S.D. Fla. Mar. 17, 2010).

But Florida's Fifth District Court of Appeal, whose jurisdiction includes the state court where this action originated, rejects applying the *Clooney* caveat outright since FLA. STAT. § 324.021(9)(b) now applies a $100,000 damage cap on vicarious liability, but not on direct liability. *Trevino v. Mobley*, 63 So. 3d 865, 867

6

(Fla. 5th DCA 2011).[3] Because of the damage cap, a negligent entrustment or hiring claim can now subject the employer to additional damages in excess of their vicarious liability, restricted to the employer's percentage of fault under comparative negligence principles. *Id*. Rather than bar presentation of direct negligence claims to the jury altogether, courts should employ procedural mechanisms, like dividing a trial into multiple phases, "to ensure that a defendant's past driving record is excluded from the jury's determination of the driver's negligence." *Id*.

This Court is inclined to find that *Trevino* represents the binding, substantive Florida law governing this case. At the very least, the Court finds the absence of additional liability required to apply the *Clooney* caveat is too indefinite at this phase to justify dismissal. Afterall, Plaintiff claims damages exceeding $100,000, which the Court accepts as true at this phase. (Doc. 23, ¶ 1). The damage cap for vicarious liability is $100,000—and so additional liability against the employer for direct negligence is still a possibility. FLA. STAT. § 324.021(9)(b). Consequently, any potential prejudice from presenting evidence of Defendant Britton's prior driving record to a jury is an evidentiary matter outside the scope of the instant Motion. Instead, Defendants may raise that issue at a later date on an appropriate motion, should the need for it arise.

---

[3] In a concurrence, Judge Sawaya opined, "This case demonstrates why the decision in *Clooney v. Geeting*, 352 So. 2d 1216 (Fla. 2d DCA 1977), should be abandoned and no longer followed by the courts in this state." *Trevino*, 63 So. 3d at 868.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on December 20, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties